IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

JERMAINE WILLIAMS : 
: CIVIL ACTION
v. :
: NO. 17-2697
CITY OF PHILADELPHIA OFFICE OF THE :
SHERIFF, ET AL. :

**MEMORANDUM**

**SURRICK, J.**                                                                                  **AUGUST  22 , 2017**

Presently before the Court is Defendants' Motion to Dismiss. (ECF No. 3.) For the following reasons, the Motion will be granted in part and denied in part.

**I. BACKGROUND**

Plaintiff Jermaine Williams, a former prisoner at the State Correctional Institute at Graterford, Pennsylvania, brings the instant action against Defendants alleging that Defendants violated his constitutional rights, and seeks relief under 42 U.S.C. § 1983.[1]

**A. Factual Background**

On November 14, 2016, Plaintiff was being transported from Graterford to the Criminal Justice Center in Philadelphia, Pennsylvania. (Compl. ¶ 3, ECF No. 1.) Defendants Deputy Sheriff Lopez and Deputy Sheriff Valasco were responsible for transporting Plaintiff and several other inmates to the Criminal Justice Center. (*Id.*) At the time of transportation, Plaintiff was in a wheelchair. (*Id.* ¶¶ 7-8.) Some of the other inmates being transported were also in wheelchairs. (*Id.* ¶ 14.) All of the inmates, including Plaintiff, were shackled and handcuffed during the entire trip. (*Id.* ¶ 9.) Plaintiff alleges that Defendants did not secure Plaintiff's

---

[1] Defendants include the City of Philadelphia Office of the Sheriff, Deputy Sheriff V. Lopez, and Deputy Sheriff Valasco.

wheelchair, or the wheelchairs of any of the other inmates, inside the van. (*Id*. ¶ 7.) Plaintiff also alleges that Defendants did not secure Plaintiff or any of the other inmates with a seatbelt or any other safety apparatus. (*Id*.) Plaintiff alleges that the inmates "complained to the [Defendants] about the unsafe situation they were in." (*Id*. ¶ 10.) Defendants ignored these complaints. (*Id*. ¶ 15.)

Defendant Valasco then began to drive the van to the Criminal Justice Center. (*Id*. ¶ 6.) Plaintiff alleges that Valasco was driving too fast, and that the inmates asked Valasco to slow down on multiple occasions. (*Id*. ¶¶ 12, 16.) Several inmates began to "sway side to side and back and forth" during the trip. (*Id*. ¶ 10.) Plaintiff alleges that his wheelchair began to lift off the floor of the van. (*Id*. ¶ 11.) The inmates complained to Defendants that their wheelchairs were sliding back and forth inside of the van; however, Defendants' only response was "don't come to jail." (*Id*. ¶¶ 13, 14.) Valasco sped around a curve on the east side of Philadelphia City hall too fast, and had to abruptly "slam on the brakes" in order to gain control of the van. (*Id*. ¶ 16.) When the van stopped abruptly, Plaintiff was "thrown out of his wheelchair head first into the metal grate of the van." (*Id*. ¶ 17.) Several other inmates were simultaneously thrown out of their seats. (*Id*. ¶ 16.) Plaintiff was thrown upside down in the van, and two of the other inmates were thrown on top of him. (*Id*. ¶ 17.) Plaintiff suffered severe injuries including a concussion, chest injuries, and an injury to his spine at the cervical and lumbar levels. (*Id*. ¶ 22.)

### B. Procedural History

Plaintiff filed the Complaint in this Court on June 15, 2017. Plaintiff asserts both federal and state law violations in his Complaint. With regard to the federal claim, Plaintiff alleges that Defendants violated his constitutional rights under the Eighth and Fourteenth Amendments, pursuant to 42 U.S.C. § 1983 (Count I). With regard to the state law claim, Plaintiff alleges that

Defendants negligently operated a Pennsylvania motor vehicle, in violation of 42 Pa. Cons. Stat. Ann. § 8542 (Count II). On July 24, 2017, Defendants filed the instant Motion to Dismiss. (Defs.' MTD, ECF No. 3.) Defendants' Motion seeks dismissal of Plaintiff's federal claim (Count I), and remand the case to state court in order to address Plaintiff's state law claim. On August 16, 2017, Plaintiff filed a Memorandum in Opposition to Defendants' Motion. (Pl.'s Opp., ECF No. 6.)

## II. LEGAL STANDARD

Under Federal Rule of Civil Procedure 8(a)(2), "[a] pleading that states a claim for relief must contain a short and plain statement of the claim showing that the pleader is entitled to relief." Rule 12(b)(6) provides for the dismissal of a complaint, in whole or in part, for failure to state a claim upon which relief can be granted. A motion under Rule 12(b)(6) tests the sufficiency of the complaint against the pleading requirements of Rule 8(a). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* A complaint that merely alleges entitlement to relief, without alleging facts that show entitlement, must be dismissed. *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 211 (3d Cir. 2009). Courts need not accept "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements . . . ." *Iqbal*, 556 U.S. at 678. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* at 679. This "'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for

enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element." *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008) (quoting *Twombly*, 550 U.S. at 556).

In determining whether dismissal of the complaint is appropriate, courts use a two-part analysis. *Fowler*, 578 F.3d at 210. First, courts separate the factual and legal elements of the claim and accept all of the complaint's well-pleaded facts as true. *Id.* at 210-11. Next, courts determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "'plausible claim for relief.'" *Id.* at 211 (quoting *Iqbal*, 556 U.S. at 679). Given the nature of the two-part analysis, "'[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" *McTernan v. City of York*, 577 F.3d 521, 530 (3d Cir. 2009) (quoting *Iqbal*, 556 U.S. at 679).

Finally, "a complaint need not establish a prima facie case in order to survive a motion to dismiss." *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 788-89 (3d Cir. 2016). A prima facie case is "an evidentiary standard, not a pleading requirement." *Swierkiewicz v. Sorema, N.A.*, 534 U.S. 506, 510 (2002). It therefore is "not a proper measure of whether a complaint fails to state a claim." *Fowler*, 578 F.3d at 213. "Instead of requiring a prima facie case, the post-*Twombly* pleading standard 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary elements.'" *Connelly*, 809 F.3d at 789 (quoting *Phillips*, 515 F.3d at 234).

### III. DISCUSSION

Defendants contend that Plaintiff has failed to state a § 1983 claim because Plaintiff's Complaint only alleges that Defendants acted negligently. Defendants contend that Plaintiff's

4

allegations of mere negligence are insufficient to state a claim under the Eighth and Fourteenth Amendments. Plaintiff responds that the Complaint alleges that Defendants acted with reckless disregard to Plaintiff's safety, thus satisfying the required standard for pleading a § 1983 claim.

Section 1983 states in relevant part that a "person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . the deprivation of any rights . . . secured by the Constitution and laws, shall be liable to the party injured in an action at law." 42 U.S.C. § 1983. "A cause of action under Section 1983 requires only two allegations: a person has deprived the plaintiff of a federal right, and that person acted under color of state or territorial law." *Goldwire v. City of Phila.*, 130 F. Supp. 3d 936, 941 (E.D. Pa. 2015) (citing *Gomez v. Toledo*, 446 U.S. 635, 640 (1980)).

"The Eighth Amendment's prohibition against cruel and unusual punishment protects prisoners against the 'unnecessary and wanton infliction of pain.'" *Hamilton v. Leavy*, 117 F.3d 742, 746 (3d Cir. 1997) (quoting *Whitley v. Albers*, 475 U.S. 312, 319 (1986)). "[T]he treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (citation and internal quotation marks omitted). A prisoner's right to be free of "cruel and unusual punishment in violation of the Eighth Amendment, [is] made applicable to the States by the Fourteenth [Amendment]." *Estelle v. Gamble*, 429 U.S. 97, 101 (1976). In order to state a claim under the Eighth Amendment, a plaintiff must allege that "(1) he was incarcerated under conditions posing a substantial risk of serious harm, (2) the official was deliberately indifferent to that substantial risk to his health and safety, and (3) the official's deliberate indifference caused him harm." *Bistrian v. Levi*, 696 F.3d 352, 367 (3d Cir. 2012) (citing *Farmer*, 511 U.S.

at 834). "'Deliberate indifference' in this context is a subjective standard: 'the prison official-defendant must have known or been aware of the excessive risk to inmate safety.'" *Id.* (quoting *Beers-Capitol v. Whetzel*, 256 F.3d 120, 125 (3d Cir. 2001)); *see also Rogers v. Boatright*, 709 F.3d 403, 407-08 (5th Cir. 2013) ("To establish deliberate indifference, the prisoner must show that the defendants (1) were aware of facts from which an inference of an excessive risk to the prisoner's health or safety could be drawn and (2) that they actually drew an inference that such potential for harm existed." (citation and internal quotation marks omitted)). The Eighth Amendment imposes duties on officials to "take reasonable measures to guarantee the safety of inmates." *Farmer*, 511 U.S. at 832 (citations omitted). A "denial of [humane] conditions can result from an officer's deliberate indifference to a prisoner's safety." *Brown v. Fortner*, 518 F.3d 552, 558 (8th Cir. 2008) (citation omitted); *see also Farmer*, 511 U.S. at 826 ("[A] factfinder may conclude that a prison official knew of a substantial risk from the very fact that the risk was obvious.").

The Eighth Circuit has held that a "failure to provide a seatbelt to a prisoner while driving in a manner that puts the prisoner at risk of injury can constitute deliberate indifference to a prisoner's safety and health." *Brown*, 518 F.3d at 558 (citation omitted). In *Brown*, the plaintiff was a prisoner who was being transported in a van by the defendant officer. *Id*. at 559. The plaintiff was shackled and in handcuffs. *Id*. The plaintiff and the other inmates being transported asked the defendant officer to secure them with a seatbelt, however the officer refused. *Id*. The Eighth Circuit noted that since plaintiff was prevented from securing his own seatbelt and made multiple requests to be secured, the defendant officer was aware of the substantial risk of harm to the plaintiff. *Id*. at 560. Similarly, in *Rogers*, the Fifth Circuit held that the plaintiff had pled an Eighth Amendment violation by alleging that the defendant

6

"operated the prison van recklessly, knowing that there was a substantial risk that [the plaintiff] would be injured if the van stopped abruptly because [the plaintiff] was shackled in leg irons and handcuffs and was not provided with a seatbelt." 709 F.3d at 409. District courts within this Circuit have similarly held that an Eighth Amendment claim exists when a defendant officer transports a prisoner in a vehicle that lacks adequate safety restraints, and then proceeds to drive recklessly, thus causing the plaintiff to suffer injuries. *See, e.g.*, *Stewart v. Wenerowicz*, No. 12-4046, 2015 WL 5092865, at *9 (E.D. Pa. Aug. 27, 2015) (holding that the plaintiff sufficiently alleged an Eighth Amendment claim because he was handcuffed and in shackles, was not provided with a seatbelt or any other safety restraint, and the defendant drove the vehicle at excessive speeds, ignoring the plaintiff's requests to slow down); *Otero v. Catalogne*, No. 08-282, 2010 WL 3883444, at *11 (W.D. Pa. Sept. 28, 2010) (holding that the defendant manifested a deliberate indifference for the plaintiff's safety because the defendant ignored the plaintiff's request for the defendant to stop driving recklessly).

### A. Defendant Valasco

As in the above cases, Plaintiff has pled facts sufficient to demonstrate that he was transported under conditions that posed a substantial risk of serious harm to himself and the other inmates in the van. Plaintiff alleges that he was in shackles and handcuffs, which prevented him from being able to secure himself inside the van. In addition, not only did Defendants not secure Plaintiff with a seatbelt, Defendants did not secure Plaintiff's wheelchair inside the van. Plaintiff alleges that Valasco was driving too fast, which caused Plaintiff and the other inmates to move back and forth inside of the van. Plaintiff suffered serious injuries because Valasco was driving too fast around a curve, and was forced to slam on the brakes. This sudden stop caused the inmates to be thrown out of their respective wheelchairs, and specifically, for Plaintiff to hit the

7

metal grate of the van head first. The risk of harm to Plaintiff is obvious. A person in a wheelchair should not be placed into a van without a seatbelt or any safety restraints, and then be subjected to reckless driving.

In addition, Plaintiff has sufficiently alleged that Valasco was aware of this risk because Plaintiff and the other inmates alerted him to the dangerous situation on multiple occasions. Plaintiff and other inmates "complain[ed] to [Defendants] about the unsafe situation they were in." (Compl. ¶ 10.) The inmates "complained several times," stating that their wheelchairs were "sliding back and forth" during the trip. (*Id*. ¶ 14.) Plaintiff alleges that Defendants ignored their complaints, and that Defendants told them "don't come to jail." (*Id*. ¶ 13.) Valasco continued to drive too fast, until ultimately he was forced to slam on the brakes, causing the aforementioned injuries. Based on the inmates' complaints and Valasco's response, it is obvious that Valasco knew that Plaintiff was not secure within the van, and ignored the substantial risk of harm to Plaintiff. Accordingly, Plaintiff has sufficiently alleged an Eighth and Fourteenth Amendment claim against Valasco, pursuant to § 1983.

### B. Defendant Lopez

Plaintiff also brings a § 1983 claim against Defendant Lopez, the deputy Sheriff who was in the passenger seat of the van. "If a police officer, whether supervisory or not, fails or refuses to intervene when a constitutional violation . . . takes place in his presence, the officer is directly liable under Section 1983." *Smith v. Mensinger*, 293 F.3d 641, 650 (3d Cir. 2002) (citation and internal quotation marks omitted). "However, an officer is only liable if there is a realistic and reasonable opportunity to intervene." *Id*. (citation omitted). Courts have held that an officer has a reasonable opportunity to intervene if the actions occurred within the officer's presence or within the officer's knowledge. *See Putman v. Gerloff*, 639 F.2d 415, 423 (8th Cir. 1981) ("We

conclude although [the officer] was a subordinate the evidence is sufficient to hold him jointly liable for failing to intervene if a fellow officer, albeit his superior, was using excessive force . . . ."); *Byrd v. Brishke*, 466 F.2d 6, 11 (7th Cir. 1972) ("We believe it is clear that one who is given the badge of authority of a police officer may not ignore the duty imposed by his office and fail to stop other officers who summarily punish a third person in his presence or otherwise within his knowledge."). "The restriction on cruel and unusual punishment contained in the Eighth Amendment reaches non-intervention just as readily as it reaches the more demonstrable brutality of those who unjustifiably and excessively employ fists, boots or clubs." *Smith*, 293 F.3d at 651.

Here, Defendant Lopez was sitting in the passenger seat of the van, and was present during the entire trip. Lopez heard Plaintiff and the other inmates' requests for Valasco to slow down, and ignored the inmates' complaints that they were in an unsafe and dangerous situation. Plaintiff alleges that Defendants told Plaintiff and the other inmates "don't go to jail" in response to their pleas. Since Lopez did not secure Plaintiff inside of the van, and was present while Valesco drove recklessly, making no attempt to stop Valesco, we find that Plaintiff has sufficiently pled a § 1983 claim against Lopez. *See Stewart*, 2015 WL 5092865, at *9-10 (ruling that the plaintiff stated a § 1983 claim against an officer who was "present but not driving at the time of the incident" and who "failed to intervene to stop the driver from operating the vehicle in a reckless manner").

### C. Municipality

Plaintiff alleges that the City of Philadelphia must be held liable under § 1983 because Defendants Lopez and Valasco's actions were "a direct result of policies, procedures and practices of the Sheriff, including failure to train them properly in all aspects of [P]laintiff's

9

transportation . . . ." (Compl. ¶ 25.) "[A] municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 691 (1978). Rather, liability under § 1983 attaches to a municipality only where the municipality's "policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury." *Id*. at 694. "[N]ot every decision by municipal officers automatically subjects the municipality to § 1983 liability. Municipal liability attaches only where the decisionmaker possesses final authority to establish municipal policy with respect to the action ordered." *Pembaur v. City of Cincinnati*, 475 U.S. 469, 481 (1986); *see also Bielevicz v. Dubinon*, 915 F.2d 845, 850 (3d Cir. 1990) ("[A] plaintiff must show that an official who has the power to make policy is responsible for either the affirmative proclamation of a policy or acquiescence in a well-settled custom."). A custom exists when a "persistent and widespread" practice of government officials is so "permanent and well settled as to constitute a custom or usage with the force of law." *Monell*, 436 U.S. at 690. A policy or custom may also be alleged as a result of long-standing acquiescence. *See Simmons v. City of Phila.*, 947 F.2d 1042, 1064 (3d Cir. 1991). "'[V]ague assertions' of policy or custom are not sufficient to impose liability." *Buoniconti v. City of Phila.*, 148 F. Supp. 3d 425, 438 (E.D. Pa. 2015) (quoting *Groman v. Twp. of Manalapan*, 47 F.3d 628, 637 (3d Cir. 1995)).

Here, Plaintiff has offered no factual support to demonstrate either a persistent and widespread custom, or a policy made by an official possessing final decision-making authority. Plaintiff's Complaint makes no reference to a persistent or widespread practice of officers failing to safely secure inmates during transportation. Given the absence of any factual support in the Complaint, we cannot infer that Defendants Valasco or Lopez were acting in accordance with a widespread custom or practice when they exposed Plaintiff to a substantial risk of harm. *See*

*Andrews v. City of Phila.*, 895 F.2d 1469, 1480 (3d Cir. 1990) ("[I]t is incumbent upon a plaintiff to show that a policymaker is responsible either for the policy or, through acquiescence, for the custom."). Plaintiff does not allege that either Lopez or Valasco possessed final authority to establish a policy that officers were not required to secure inmates in wheelchairs during transportation. Furthermore, Plaintiff's bald allegations are insufficient to adequately plead a failure to train claim. *See Wood v. Williams*, 568 F. App'x. 100, 105-06 (3d Cir. 2014) (upholding dismissal of a failure to train claim when the complaint included only one prior incident of potentially unconstitutional conduct). Accordingly, Plaintiff's conclusory statement that Lopez and Valasco's actions were a consequence of the "policies, procedures and practices" of the City, without more, is not sufficient to establish a *Monell* claim against the City of Philadelphia.

### D. Leave to Amend

Plaintiff requests leave to amend his *Monell* claim against the City of Philadelphia if the Court determines that the *Monell* claim is deficient. Courts should freely grant leave to amend a complaint when justice so requires "unless it would be inequitable or futile." *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002). "Neither inequity nor futility of amendment is present" here and there is no indication that Plaintiff "lacks good faith or proper motives." *Id.* Therefore, we will permit Plaintiff to amend his Complaint to cure the deficiencies.

## IV. CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss will be granted in part and denied in part.

An appropriate Order follows.

BY THE COURT:

_____
**R. BARCLAY SURRICK, J.**