IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JERMAINE WILLIAMS | : | |
| | : | CIVIL ACTION |
| v. | : | |
| | : | NO. 17-2697 |
| CITY OF PHILADELPHIA OFFICE OF THE SHERIFF, ET AL. | : | |

**MEMORANDUM**

**SURRICK, J.** **JANUARY 15, 2023**

Presently before the Court are Defendants' Motion *in Limine* to Admit the Prison Fight Video Compilation ("City Mot.," ECF No. 57), Plaintiff's Response to Defendants' Respective Motions *in Limine* to Show the Jury the Murder Attempt on Plaintiff While He Was In the City's Prison Four Years After the Incidents At Issue (Pl.'s Resp.," ECF No. 60), Plaintiff's Omnibus Motion *in Limine* ("Pl.'s Omnibus Mot.," ECF No. 58), and Plaintiff's Motion *in Limine* to Preclude Evidence of the 2015 DOC Incident Which Was the Subject of the Case Against the PA Department of Corrections, Which Recently Settled ("Pl.'s 2015 Incident Mot.," ECF No. 61).[1] For the following reasons, a ruling on the City Motion will be deferred until the start of trial, and

[1] Until recently, pretrial management of this action was consolidated with Plaintiff's related action against the Pennsylvania Department of Corrections (the "DOC") and two individual Pennsylvania corrections officers (the "State COs") regarding an incident that occurred on January 19, 2015. *See Williams v. Whitaker et al.*, No. 16-cv-6379 (E.D. Pa.) (the "2015 DOC Action"). In the 2015 DOC Action, Plaintiff brought similar claims as alleged in this action against the DOC and the State COs alleging that he sustained permanent injuries when he was ejected from his wheelchair during transport from State Correctional Institution ("SCI") Somerset to SCI Grateford. The 2015 DOC Case was scheduled to begin trial on the same date as this action (*Id.*, ECF No. 56), and motions *in limine* identical or similar to the City Motion and Plaintiff's Ominibus Motion were filed in that case. (*Id.*, ECF Nos. 58, 59.) The 2015 DOC Case was settled with the assistance of Magistrate Judge Hey on or about January 5, 2023, and as a result, that case was dismissed pursuant to Local Rule 41.1(b) before a ruling on the *in limine* motions. (*Id.*, ECF No. 63.)

Plaintiff's Omnibus Motion and 2015 Incident Motion will be denied without prejudice as set forth herein and in the Order issued concurrently herewith.

## I. BACKGROUND[2]

This case arises from an alleged incident (the "Incident") on November 14, 2016, involving a prisoner transport van owned by the City of Philadelphia Office of the Sheriff. At the time of the Incident, the van was being driven by Defendant Deputy Sheriff Javier Velasco, and Defendant Deputy Sheriff Victor Lopez (collectively, the "Deputies") was the recorder. The van had been dispatched from Philadelphia to SCI Graterford to pick up and transport inmates to the Criminal Justice Center in Philadelphia for hearings. Nine inmates, including Plaintiff, were being transported in the van. Plaintiff claims that, when the van was traveling around Philadelphia City Hall, Deputy Velasco was driving at an unsafe speed as he rounded the corner to the east side of City Hall. Plaintiff claims Deputy Velasco slammed on the brakes, causing Plaintiff and other inmates to be ejected from their seats toward a grate inside the van. Plaintiff claims he ended up on the floor of the van with two other inmates on top of him. He further claims that neither he nor the other inmates were properly secured inside the van.

Plaintiff alleges that he "suffered serious and permanent injuries as a result of the [Incident], including but not limited to a concussion, injury to his chest area, and reinjury to his spine at the lumbar and cervical levels, and other injuries." (Am. Compl. ¶ 22.) More specifically, Plaintiff's Trial Memorandum states that "Plaintiff's damages claims in this case are exclusively hedonic, 'pain and suffering' damages, both past and future, for the number of years

[2] A more detailed recitation of the factual background is contained in the Court's Memorandum addressing Defendants' Motion for Summary Judgment. *See Williams v. City of Philadelphia Off. of Sheriff*, No. 17-2697, 2020 WL 315594, at *1–4 (E.D. Pa. Jan. 21, 2020).

remaining in his life expectancy from the injuries in this case." (Pl.'s Trial Mem. 4.) Plaintiff's Trial Memorandum further states that Plaintiff will prove the following injuries as a result of the Incident: (1) Those flowing from his total, permanent incontinence and need to wear adult diapers, at the very least, for the remainder of his years. In sum, injuries indicative of a likely spinal cord injury in the 2016 incident; (2) Plaintiff's seemingly permanent inability to be a surgical candidate, as he was determined to be by DOC in 2015 and 2016 before the incident; and (3) The exacerbation of his neurological seizure conditions by the repeat injuries to those conditions from the 2016 incident, where many of his conditions likely became less treatable or curable. (*Id.*)

Defendants deny any liability. They specifically deny that the Deputies failed to properly secure Plaintiff before beginning the transport and that Deputy Velasco drove around City Hall at an unsafe speed. Among other disputed factual issues, the parties have also adduced conflicting evidence regarding whether and to what extent Plaintiff requires a wheelchair, and whether Plaintiff has ever claimed that he needed a wheelchair or could not walk without one.

On June 15, 2017, Plaintiff filed a Complaint regarding the Incident against the City of Philadelphia Office of the Sheriff (the "City") and Deputies Velasco and Lopez, asserting claims under both federal and state law. (Compl., ECF No. 1.) On August 30, 2017, following the Court's ruling on Defendants' Motion to Dismiss, Plaintiff filed an Amended Complaint asserting claims under both federal and state law. (Am. Compl., ECF No. 10.) Pursuant to 42 U.S.C. § 1983, Plaintiff alleges that Defendants violated his constitutional rights under the Eighth and Fourteenth Amendments (Count I). Plaintiff also alleges that Defendants negligently operated a motor vehicle, in violation of 42 Pa. Con. Stat. § 8542 (Count II). Discovery is complete and the Court has ruled on Defendants' Motion for Summary Judgment (*see* ECF Nos.

38, 39; 43, 44; *Williams v. City of Philadelphia Off. Of Sheriff*, No. 17-2697, 2020 WL 315594 (E.D. Pa. Jan. 21, 2020)). Trial is scheduled to commence on Tuesday, January 17, 2023, at 9:30 a.m. The City Motion and Plaintiff's Omnibus Motion were filed on December 16, 2022, and Plaintiff filed his 2015 DOC Incident Motion on January 6, 2023, following the settlement of the 2015 DOC Action.

## II. LEGAL STANDARD

Motions *in limine* allow the trial court to rule on the admissibility and relevance of evidence. *Bradley v. Pittsburgh Bd. Of Educ*., 913 F.2d 1064, 1069 (3d Cir. 1990). "The purpose of a motion *in limine* is to bar 'irrelevant, inadmissible, and prejudicial' issues from being introduced at trial, thus 'narrow[ing] the evidentiary issues for trial[.]'" *Leonard v. Stemtech Health Scis., Inc*., 981 F. Supp. 2d 273, 276 (D. Del. 2013) (quoting *Laufen Int'l, Inc. v. Larry J. Lint Floor & Wall Covering, Co*., No. 10–199, 2012 WL 1458209, at *1 (W.D. Pa. Apr. 27, 2012)). "Evidence should only be excluded on a motion *in limine* if it is clearly inadmissible on all potential grounds. The movant bears the burden of demonstrating that the evidence is inadmissible on all potential grounds." *Feld v. Primus Techs. Corp*., No. 12-1492, 2015 WL 1932053, at *1 (M.D. Pa. Apr. 28, 2015) (internal citation omitted).

Federal Rule of Evidence 401 broadly defines evidence as relevant if: "(a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401; *see also United States v. Green*, 617 F.3d 233, 251 (3d Cir. 2010). "Rule 401's definition of relevance is 'very broad' and 'does not raise a high standard.'" *United States v. Leake*, 396 F. App'x 898, 903 (3d Cir. 2010) (quoting *Gibson v. Mayor and Council of City of Wilmington*, 355 F.3d 215, 232 (3d Cir. 2004)). Pursuant to Rule 402, all relevant evidence is admissible unless otherwise provided by the U.S.

Constitution, a federal statute, or the Rules. Fed. R. Evid. 402.

Relevant evidence "may be excluded if its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. The Third Circuit has characterized Rule 403 as "create[ing] a presumption of admissibility," *United States v. Claxton*, 766 F.3d 280, 302 (3d Cir. 2014)), and has noted that "excluding evidence under [Rule] 403 at the pretrial stage is an extreme measure." *Hines v. Consol. Rail Corp*., 926 F.2d 262, 274 (3d Cir. 1991). The foregoing "broad principles favoring the admission of relevant evidence also shape and define the scope of [the] Court's discretion in addressing motions *in limine* like the motion filed by [Plaintiff] here, which seek a pre-trial ruling excluding a range of evidence largely on relevance grounds." *Elm Cooper, LLC v. Modular Steel Sys., Inc*., No. 19-1053, 2020 WL 905532, at *3 (M.D. Pa. Feb. 25, 2020); *see also Mavrinac v. Emergency Med. Ass'n of Pittsburgh (EMAP)*, No. 04-1880, 2007 WL 2908007, at *1 (W.D. Pa. Oct. 2, 2007) ("As a general rule, if the moving party is seeking a ruling that goes beyond an evidentiary determination, there is a strong likelihood that the motion *in limine* deals with an inappropriate matter."). The Third Circuit "has cautioned against such preliminary and wholesale exclusion of evidence, noting that it has 'made clear that rulings excluding evidence on Rule 403 grounds should rarely be made *in limine*.' The reason for this caution is evident: oftentimes a court 'cannot fairly ascertain the potential relevance of evidence for Rule 403 purposes until it has a full record relevant to the putatively objectionable evidence.'" *Id.* (quoting *Walden v. Georgia–Pacific Corp*., 126 F.3d 506, 518 n.10 (3d Cir. 1997))

Moreover, regarding prejudice, Rule 403 "does not offer protection against evidence that is merely prejudicial, in the sense of being detrimental to a party's case." *Carter v. Hewitt*, 617

F.2d 961, 972 (3d Cir. 1980); *see also United States v. Starnes*, 583 F.3d 196, 215 (3d Cir. 2009) ("[U]nfair prejudice 'does not simply mean damage to the opponent's cause. If it did, most relevant evidence would be deemed [unfairly] prejudicial.'" (quoting *Goodman v. Pa. Tpk. Comm'n*, 293 F.3d 655, 670)). "Evidence is unfairly prejudicial only when it has 'an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one.'" *United States v. Hagins*, 452 F. App'x 141, 148 (3d Cir. 2011) (quoting Fed. R. Evid. 403, Advisory Committee's Note). Moreover, "[e]vidence should not be excluded under Rule 403 merely because its unfairly prejudicial effect is greater than its probative value." *Claxton*, 766 F.3d at 302. Instead, exclusion is appropriate only if the danger of unfair prejudicial substantially outweighs the probative value of the evidence. *Id*.

Finally, a motion *in limine* "is not the appropriate vehicle" to obtain pretrial judicial determination of disputed factual matters. *Elm Cooper*, 2020 WL 905532, at *6; *see also Buhler Versatile Inc. v. GVM, Inc*., No. 17-CV-217, 2018 WL 6062307, at *5 (M.D. Pa. Nov. 20, 2018) (noting that motions *in limine* should not be used to resolve factual disputes, which is the function of summary judgment); *Rudd v. Timm*, No. 94-4195, 1995 WL 298950, at *3 (E.D. Pa. May 16, 1995) ("If this court were to grant plaintiff's second motion *in limine*, it would be tantamount to granting partial summary judgment in the face of disputed issues of material fact.").

## III. DISCUSSION

### A. City Motion to Admit Fight Compilation Video

The City Motion seeks pretrial admission of a "prison surveillance video compilation" "in its entirety depicting Plaintiff rising out of his wheelchair, engaging in, and continuing to fight two separate inmates" on February 17, 2020, more than three years after the Incident at issue

here. (City Mot.; City Mem. at 1 (ECF No. 57). Defendants state that the video compilation will be authenticated through the testimony of Sharon K. Hatcher, Deputy Warden of the Curran-Fromhold Correctional Facility ("CFCF"), and assert that the video compilation is relevant, pursuant to Federal Rules of Evidence 401 and 402, to the issues of Plaintiff's damages and credibility. (City Mem. at 1-4).

Plaintiff opposes introduction of the video compilation on the grounds that the City has failed to establish its relevance and on the grounds of unfair prejudice. (Pl.'s Resp. at 1-4). Regarding relevance, Plaintiff's response appears to be based on the argument that the video compilation is not relevant to Plaintiff's damages or credibility because, according to Plaintiff, he "has never suggested he <u>cannot</u> walk without a wheelchair. . . . In fact, it was the DOC itself . . . [and] the City . . . [that put Plaintiff] in a wheelchair" as a safety precaution to address his seizure disorder. (*Id.* at 3 (emphasis in original); Pl.'s Omnibus Mot. at 5.) Regarding unfair prejudice, Plaintiff posits that the video compilation, if admitted, would "prompt the necessity of a 'trial within a trial' to determine, for example" whether the City "enabled" or "empowered" the "would-be assassins" depicted in the video (*Id.* at 1-2; *see also* Pl.'s Ominibus Mot. at 2-7.).[3] Plaintiff also contends that the video compilation is unfairly prejudicial, as it would reveal to the jury that Plaintiff was imprisoned subsequent to the Incident at issue, contrary to Rules 403, 404(b), 608, and 609. (*See* Pl.'s Ominbus Mot. at 2-4).

Based on the Court's review of the video compilation, it consists of four video clips,

[3] At the January 12, 2023, Final Pretrial Conference, Plaintiff's Counsel elaborated on this assertion, asserting that other inmates targeted Plaintiff in the events depicted in the video compilation, and speculating that "it looks like the guards colluded." Plaintiff is cautioned that the Court will not permit the presentation of testimony or argument to the jury that lacks any evidentiary support and is wholly based on speculative theories about an attempted assassination of Plaintiff or guard collusion therein.

without any audio, each depicting events during the same approximately-seven-minute time frame from approximately 9:55 a.m. to 10:02 a.m. on February 17, 2020.[4] The video clips clearly depict a prison setting, based on the appearance of the location and the fact that individuals in the video are wearing orange prison jumpsuits or dark-colored guard uniforms. At this juncture, the Court concludes that to the extent one or more of the video clips depicts Plaintiff rising from his wheelchair and engaging in physical activity inconsistent with his alleged injuries, such video clip(s) would be relevant to Plaintiff's damages and to the credibility of his allegations and potential testimony in this action. Plaintiff's arguments to the contrary, centered on his assertions regarding his "need for a wheelchair" or whether he ever "suggested he cannot walk" without one, implicate disputed issues of fact that are contested both in the parties' respective expert reports and in the testimony anticipated for trial. The Court will not resolve these factual disputes on motions *in limine*, as such is the province of the jury. Were the Court to do so, it would be "tantamount to granting partial summary judgment in the face of disputed issues of material fact." *Rudd*, 1995 WL 298950, at *3 (E.D. Pa. May 16, 1995); *see also Elm Cooper*, 2020 WL 905532, at *6 (discussing principles guiding resolution of *in limine* motions and noting that such motions are not the appropriate vehicle for resolution of factual disputes); *see also Buhler Versatile Inc.* 2018 WL 6062307, at *5 (noting that motions *in limine* should not be used to resolve factual disputes, which is the function of summary judgment).

Notwithstanding the foregoing, the Court notes that from its review of the video

---

[4] The locations and time stamps printed on the video clips indicate that they are from prison surveillance cameras recorded February 17, 2020 as follows: D1-4 Right Housing, from 9:55:47.352 to 10:02:40.775; D1-4 Console, from 9:55.47.311 to 10:55:40.929 a.m.; D1-4 Left Housing, from 9:55:47.235 to 10:02;40.780 a.m.; and D1-4 Full Housing, from 9:55:47.235 to 10:02:40.856 a.m. (City Mot. at Ex. A. (on flashdrive)).

compilation, it is unable to determine: (1) whether all four video clips depict the same events, since the setting in one video clip seems dissimilar in some respects from the setting in the other three clips; (2) whether Plaintiff is depicted in the video clips and, if so, which participant he is; (3) whether Plaintiff is involved in all fights depicted; and (4) whether the video clips are cumulative under Rule 403, such that it is unnecessary to present all four to the jury.

The Court further notes that the fact that the video clips reveal Plaintiff's arrest and/or incarceration after the Incident does not necessarily warrant their exclusion on the grounds of unfair prejudice under Rule 403. *See e.g.*, *Lopez v. City of Lancaster*, No. 19-5104, 2021 WL 5279880, at *6 (E.D. Pa. Nov. 12, 2021) (observing that evidence of defendant ducking up and down in the backseat of the patrol car is relevant to the potential cause of the redness on defendant's wrists and is unlikely to unfairly prejudice the jury, and noting that where plaintiff's testimony is key to the case, plaintiff's credibility is paramount); *Quagliarello v. Dewees*, No. 09-4870, 2011 WL 3438090, at *3 (E.D. Pa. Aug. 4, 2011) (holding that photographs and videotapes may be admissible to show evidence relevant to a plaintiff's claim for damages for pain and suffering, both physical and emotional).

Based on the foregoing, the Court **defers** ruling on the City's Motion regarding the videotape compilation at this juncture. On January 17, 2023, Counsel for the City should be prepared to make an offer of proof addressing the uncertainties about the video compilation noted above prior to the presentation of argument or evidence to the jury. Specifically, counsel should be prepared to describe what is depicted in each video clip, what testimony will be offered to authenticate such evidence, and to explain why any or all of the video clips will not amount to cumulative evidence with regard to relevant issues.

### B. Plaintiff's Omnibus Motion and Motion Regarding the 2015 Incident

Plaintiff's Ominbus Motion and 2015 DOC Incident Motion do not seek exclusion of any specific items of evidence or testimony. Rather, Plaintiff seeks a pretrial ruling excluding the following **broad categories** of evidence:

- Any Use of Arrests and/or or Any Convictions Without Prior Court Approval; Use of Anything, Including Records or Videotapes That Suggests[sic] that Plaintiff Has Been Arrested/Incarcerated Since This Case Has Been Filed;

- Any Suggestion That Plaintiff Is In A Wheelchair Because He Cannot Walk Or Because He Believes So; Rather Than that the Respective Government Agencies Put Him In A Wheelchair To Provide a Safety Net for His Longtime Seizure Disorder;

- To Allege That Plaintiff is Not Entitled To Relief on Auto Negligence Because He Filed in Federal Court on a Civil Rights Theory;

- To Prohibit the Use or Introduction of Any Statements or Testimony of Plaintiff In Any Other Matter, Without Making An Offer of Proof to the Court About Its Admissibility Beforehand; and if Evidence is Ruled Admissible, Redacting Any Mention of the Proceeding in Which it was Obtained or Created, to Avoid the Introduction of Prejudicial Information About Other Civil or Criminal Cases that, in and of Themselves, are not Admissible Under the Federal Rules of Evidence, Even if the Statements Themselves Might Be;

- Bar[ring] Defendants from Alleging, Arguing, or Insinuating That Plaintiff Undid His Restraints, While This Suggestion Was Made In City's Investigatory Report, the City's Designee, Evans, Admitted That This Was Only Speculation; and

- Evidence of the 2015 DOC Incident Which Was the Subject of the Case Against the PA Department of Corrections, Which Recently Settled.

(Pl.'s Omnibus Mot. at 1).

Without engaging in a protracted analysis of these "shotgun" motions, the Court notes that in many respects, they seek wholesale pretrial preclusion of categories of evidence before there is any indication whether, or to what extent, Defendants even seek to present testimony or other evidence regarding these subjects. *Elm Cooper*, 2020 WL 905532, *3 (noting that the Third Circuit has cautioned against preliminary and wholesale exclusion of evidence at the

motion *in limine* stage); *Mavrinac*, 2007 WL 2908007, at *1 ("As a general rule, if the moving party is seeking a ruling that goes beyond an evidentiary determination, there is a strong likelihood that the motion *in limine* deals with an inappropriate matter."). To borrow from cinematic Judge Chamberlain Haller of *My Cousin Vinny* fame, the Federal District Courts have procedures, and at this point that procedure contemplates motions *in limine* addressed to specific items of testimony or evidence, not to expansive categories of evidence that are detrimental to the movant's theory and may or may not ever be at issue or even offered by the movant's adversary. *See Cote v. Schnell Indus*., No. 18-01440, 2022 WL 16815032, at *3 (M.D. Pa. Nov. 8, 2022) ("[C]ertain motions, 'especially ones that encompass broad classes of evidence, should generally be deferred until trial to allow for the resolution of questions of foundation, relevancy, and potential prejudice in proper context.'" (quoting *Stemtech Health*, 981 F. Supp. 2d at 276); *see also Landau v. Lamas*, No. 5-1327, 2021 WL 2930078, at *3 (M.D. Pa. July 12, 2021) ("The Court is unaware of what evidence and witnesses Defendants may offer at the time of trial and Plaintiff's motion, requesting the preclusion of unknown and unidentified witnesses and evidence, is premature."); *Walker v. Regan*, No. 13-7556, 2020 WL 553725, at *2 (E.D. Pa. Feb. 4, 2020) (denying, as premature, motion to exclude non-cumulative and factual evidence of plaintiff's prior conviction, sentence, length of incarceration, and institutional misconduct(s), as it might be admissible under Rules 609 and 403). Moreover, as noted above, Plaintiff's Motions are founded, to a significant degree, on disputed issues of fact, and they may seek to preclude admissible evidence relevant to Plaintiff's damages and/or credibility.

Nevertheless, at this juncture it appears that details regarding the fact of or reasons for Plaintiff's arrests or incarcerations prior or subsequent to the Incident carry a risk of unfair prejudice and are likely not relevant to matters other than Plaintiff's claimed damages and his

credibility. Accordingly, although the Court will deny Plaintiff's Omnibus Motion and DOC Incident Motion without prejudice, Defendants will be required to make an offer of proof to the Court, outside the presence of the jury, before offering testimony or other evidence regarding Plaintiff's prior or subsequent arrests or incarceration.

## IV. CONCLUSION

For the foregoing reasons, ruling on the City's Motion will be deferred until the start of trial, and Plaintiff's Motions will be denied without prejudice as set forth above and in the accompanying Order.

**BY THE COURT:**

***/s/ R. Barclay Surrick***
**R. BARCLAY SURRICK, J.**