| | |
|---|---|
| **JERMAINE WILLIAMS,** | : |
| **Plaintiff** | : |
| | :  **CIVIL ACTION NO. 17-2697** |
| | : |
| **CITY OF PHILADELPHIA et. al.** | : |
| **Defendants** | : |

### PLAINTIFF'S MOTION TO RECONSIDER RULING AND/OR IN LIMINE TO BE ALLOWED TO PRESENT THE EYEWITNESS' TESTIMONY IN REBUTTAL IF RELEVANT

Plaintiff hereby moves for the following pre-trial relief concerning the admission of the testimony of the City-identified eyewitness at the upcoming trial of this matter for the reasons set forth in his Supporting Brief, below:

### SUPPORTING BRIEF

### INTRODUCTION

> A trial is a search for the truth. To promote this essential goal the entire structure of the Federal Rules of Civil Procedure compels transparency and fair dealing by parties. The rules also condemn surprise, delay, concealment, and unreasonable non-disclosure by litigants.

Ely v. Cabot Oil & Gas Corp., 2016 WL 454817, at *4 (M.D. Pa., 2016).

Plaintiff seeks to present limited testimony of eyewitness, Terrance Mitchell, a person included in the incident report the City provided plaintiff in discovery, and who represented to plaintiff's counsel that he remembers vividly the accident at issue in this case. Because the interests of justice favor the

admission of this disinterested eyewitness' testimony, and defendants would not be prejudiced by its admission, plaintiff respectfully requests reconsideration of the court's previous ruling denying this request, or to consider anew its potential use for rebuttal, because the admission of Mr. Mitchell's testimony would further the "search for the truth".

I. <u>THE FACTS AND LAW</u>

On the first day of the original trial date (January 17, 2023), plaintiff sought to take the Zoom testimony of one of the eyewitnesses listed on the City Incident Report (Ex.2; No.4) that the City has known about since the morning of the incident and is among eight eyewitnesses the City never interviewed. Defendants objected, seemingly on the basis that they were "around all weekend" and plaintiff, presumably, should have notified them when he contacted and spoke to the eyewitness, Terrance Mitchell, that Saturday. If the City made any other objection, plaintiff is unaware of it. On January 19, 2023, after consulting relevant case law, plaintiff renewed his request to present Mr. Mitchell's testimony in light of the three-week trial delay, via an email addressed to the Court.

The trial is now set for February 27, 2023, six weeks after plaintiff first notified the Court and defendants of his intention to use the testimony of Mr. Mitchell. Counsel stated the import of the witness' testimony in court that day. Essentially the witness told the undersigned that:

a) He was in the van trip at issue and remembers it.
b) As a result of a "hard brake", plaintiff, who was in a wheelchair fell out of his chair and onto the floor.
c) Also as a result of the "hard brake", the eight other inmates in the van, who were unquestionably not belted in, were thrown about the van, some onto the floor. No one in the same place he started in.
d) Plaintiff seemed injured, and the focus was on him that day.

2

**This is Not a Rule 37 "designation" issue or a discovery violation.**

Most of the case law concerning late notice of evidence deals with late designation under Rule 37. Essentially the courts have focused on whether there is curable prejudice from a late-designated witness and the intentions of the party so requesting. However, Rule 37 has <u>no</u> application to this issue, as the defendants, in fact, supplied the name and prison number of Mr. Mitchell as part of discovery. So, he is effectively "designated" by the City—and listed on the incident report the City provided in discovery-- and what he has to say cannot possibly prejudice the City in this case.

Incredibly, the City's investigation of this accident, which it was compelled to do by law, is nothing more than a cover-up the facts here. Eight eyewitnesses and plaintiff are listed on the Incident Report. As the jury will hear through the designee deposition testimony of Joseph Evans (Plaintiff's Exhibit 2, pertinent portions attached to this Motion), the City never even <u>tried</u> to speak to the plaintiff or to any of the eyewitnesses at the time, and seemingly ever because they believed that the other passengers would automatically support their fellow inmate. In addition, the City investigation never consulted the EMS report from Hahnemann Hospital, which confirmed that plaintiff had a "witnessed" seizure in the van that day.

In essence, the City's failure to investigate the incident has deprived all parties "in their search for the truth" in this trial of the most vital, disinterested eyewitness testimony, *in toto*. Neither the Court nor the jury will be supplied with the information which the law and City procedures envision will be memorialized and preserved for the factfinder. Plaintiff suggests that this is the essence of "willful blindness".[1]

---

[1] Plaintiff anticipates seeking a "willful blindness" jury instruction at the close of his case and the presentation of the City designee's deposition testimony confirming it. The Third Circuit "model" criminal jury instructions (No. 5.06) include such an instruction. Even in a criminal case, the Circuit has sanctioned such an instruction as it does not "shift[ ] the burden" of proof "onto defendant. "nor impose any burden, implicit or explicit, on [the

3

> **A willful blindness instruction is often described as sounding in "deliberate ignorance."** See *United States v. One 1973 Rolls Royce,* 43 F.3d 794, 807–08 (3d Cir.1994)….. **Willful blindness is not to be equated with negligence or a lack of due care,** see *id.* at 809 n. 13, **for "willful blindness is a subjective state of mind that is deemed to satisfy a scienter requirement of knowledge,"** *id.* at 808. **The instruction "must make clear that the defendant himself was subjectively aware of the high probability of the fact in question ….**

U.S. v. Wert-Ruiz, 228 F.3d 250, 255 (3d. Cir. 2000). The City's failure to interview any of the eyewitnesses of the events at issue is a paramount reason why Mr. Mitchell's testimony should be allowed.

## II.  THE CITY HAS ALLEGED NO REAL PREJUDICE FROM THE WITNESS BEING ALLOWED TO TESTIFY; EQUITY COMPELS THE ADMISSION

Not only has the City had six weeks to act to obviate any alleged prejudice from Mr. Mitchell's testimony, but it has known about this and eight other eyewitnesses' information about the accident at issue for over six years.[2] The designee testified that he made a specific <u>choice</u> not to interview any of the eyewitnesses, claiming they would not provide *bona fide* information.

However, even were the Court to evaluate plaintiff's request under the rubric of a "late designated witness," pursuant to Rules 26 and 37 of the FRCP, the interests of justice and the factors laid out by our Circuit favor the admission of Mitchell's testimony.[3] In deciding whether to exclude a late-disclosed witness,

---

defendant] to prove or disprove his knowledge." United States v. Tai, 750 F.3d 309, 315 (3d Cir. 2014).

[2] The City not only chose to be "deliberately ignorant" about the eyewitnesses' information at the time of its mandated investigation, Its counsel also chose to continue that state of blindness through the end of this case: it never took his deposition or otherwise questioned him or memorialized his version of the events at issue.

[3] Cases where courts in this circuit have evaluated whether to permit or exclude late disclosed witnesses: Keiser v. Borough of Carlisle, No. 1:15-CV-450, 2017 WL 4053695 (M.D. Pa. Sept. 13, 2017); Ely v. Cabot Oil & Gas Corp., No. 3:09-CV-2284, 2016 WL 454817 (M.D. Pa. Feb. 17, 2016); Walsh v. Elder Res. Mgmt., Inc., No. 2:19-CV-546, 2022 WL 280947 (W.D. Pa. Jan. 31, 2022) and Allscripts Healthcare, LLC v. Andor Health, LLC, No. 21-714, 2020 WL 17370546, (D.Del. Aug. 9, 2022).

4

courts are to consider: (1) the prejudice or surprise of the party against whom the evidence would be used; (2) the ability of that party to cure the prejudice; (3) the extent to which waiver of the rule against allowing the use of undisclosed evidence would disrupt the orderly and efficient trial of the case; and (4) bad faith or willfulness in failing to comply with the court's orders. Meyers v. Pennypack Woods Home Ownership Ass'n, 559 F.2d 894, 904-05 (3d Cir. 1977). The court must also consider the importance of the excluded testimony. Konstantopoulous v. Westvaco Corp., 112 F.3d 710, 719 (3d Cir. 1997).

Here, because Mr. Mitchell's status as a person with relevant information has been known to defendants from the get-go, having been included in its Incident Report that is a central document to their defense, there is no unfair surprise to defendants. Moreover, Plaintiff's first contact with Mr. Mitchell was disclosed to the City a few days after the contact was made. See Keiser v. Borough of Carlisle, No. 1:15-CV-450, 2017 U.S. Dist. LEXIS 148483 (M.D. Pa. Sept. 13, 2017) ("[W]e note that there is little unfair surprise that would arise here since Malarich's status as Keiser's successor has long been known by all . . . and Malarich's most recent contacts with the plaintiff were promptly disclosed in May 2017 near the time when they occurred.").

To the extent that defendants claim prejudice from not having previously spoken to Mr. Mitchell, any prejudice could be cured by a request to depose this witness. See, e.g., Walsh v. Elder Res. Mgmt., Inc., No. 2:19-CV-546, 2022 WL 280947 (W.D. Pa., Jan. 31, 2022) ("[T]he parties can cure any prejudice without disrupting the orderly and efficient trial of this case or others, by deposing Mr. Chow in advance of the . . . trial in this case."). Nor would the admission of his testimony "disrupt" the trial in this case: the admission of such testimony would not delay proceedings. Plaintiff also submits that there was no bad faith or willfulness on his part with respect to the timing of this request: plaintiff had expected the Court to appreciate the impact of the City's failure to interview any of the witnesses on the passenger list, and when it seemingly disagreed with its

belief that the City should be penalized for its failure to investigate, plaintiff renewed his investigation.

Most importantly however, as the trial is a "search for the truth", Mr. Mitchell's testimony is incredibly important in shedding light on the truth. Plaintiff and the two Sheriff defendants are interested parties who will undoubtedly offer differing accounts of what occurred in the prison transport van. Mr. Mitchell, who does not know plaintiff, and has no incentive to lie, can shed further light on what occurred. The jury should not be denied this vital evidence.

### III. Impunity

Plaintiff seeks evidentiary penalties for city's willful blindness here, particularly in not interviewing eyewitnesses including plaintiff. In reacting to plaintiff's pretrial argument for such evidentiary "compensation" the Court observed that the eyewitnesses were "equally available" to both sides, which would implicitly preclude an "adverse inference" from the Court for the whitewashed "investigation".[4]

"Equally available" seems a superficially appealing characterization of the situation. However, the City was, by law, obligated to adequately investigate the incident when it happened in November 2016. At that time, the Sheriff, as a law enforcement agency had the power – and opportunity --to both investigate and compel testimony from the eyewitnesses. When plaintiff found out their names and that the City had purposefully blinded itself, at the Evans deposition, in summer 2019, almost three years later, the "access" could hardly be said to be "equal": memories had faded; locating them was much more complicated, among other things.

Pennsylvania courts have opined on just such an inequity.

---

[4] See, e.g., Orion Drilling Company, LLC v. EQT Production Company, 826 Fed.Appx. 204, 216 (3d Cir. 2020).

6

> **Whether the witness is equally available to both sides "is not an abstract concept but a fact-based matter . . .. Here, the trial court concluded the witness was not equally available to both parties. The court noted that, based on Mr. Alvarez's social history with Appellant, his cooperation with Appellant's private investigator, and his failure to respect Appellees' notice of deposition, Appellant had superior access to Mr. Alvarez. The record supports the conclusion, and thus the court did not abuse its discretion when it included the missing witness instruction in the jury charge.**

Avent v. A. Bob's Towing, 2021 WL 4901385, at *3 (Pa.Super. 2021).

 **Moreover, in this case:**

> the parties did not stand on an equal footing with regard to his availability. Moreover, Dr. Lyons' long-standing treatment of Kovach and her testimony that he was her primary treating physician for these injuries, leads naturally to the conclusion that, in terms of availability, she had superior access to him.

Kovach v. Solomon, 732 A.2d 1, 11–12 (Pa.Super.,1999). There can be no *bona fide* opinion in the instant case that when the City revealed its cover-up in 2019, the die was cast about conducting an investigation; the lost opportunity in 2016 was a *fait accompli* by 2019—or in 2023. The prejudice was sealed.

**IV. <u>THE CITY'S AGREEING TO THE OFFERED DEPOSITION OF THE WITNESS WOULD CURE ANY OSTENSIBLE PREJUDICE, THOUGH IT IS NOT CLEAR THAT THE CITY EVEN CLAIMS ANY PREJUDICE AT THIS POINT.</u>**

The City can avoid any purported prejudice from the eyewitness' testimony by deposing him on any and all relevant subjects. If it chooses not to avail itself of the opportunity, which the New Jersey prison is willing to provide, it must be deemed to have refused to mitigate any alleged prejudice. See Allscripts Healthcare, LLC v. Andor Health, LLC, 2022 WL 17370546, at *1 (D.Del., 2022) ("[W]e should not exclude evidence for technical non-compliance with the Federal Rules."). If the City chooses to remain unwilling to confront any alleged prejudice, that is precisely what exclusion here would constitute: "technical non-compliance". In Allscripts, the court allowed the testimony alleged to be in

7

violation of Rule 37 to be used for rebuttal purposes. Id. at *2 (trial delay cured any potential prejudice of late-disclosed witness). If this Court does not reconsider its earlier ruling precluding the witness, based on the intervening time between the trial dates,[5] it is respectfully submitted that the witness should be allowed for rebuttal purposes.[6]

V. **CONCLUSION**

WHEREFORE, Plaintiff respectfully requests that this Honorable Court grant his Motion and enter the attached Proposed Order.

Respectfully submitted,

_____/s/_____

BY: STUART M. NIEMTZOW, ESQUIRE
ATTORNEY FOR PLAINTIFF

Date: February 6, 2023

---

[5] See, e.g., Keiser v. Borough of Carlisle, 2017 WL 4053695, at *2–4 (M.D. Pa. 2017):

> [I]n the circumstances of this case, when this disclosure was made in May and the trial is set to commence five months later in October, allowing the use of this previously [unlisted] evidence would result in little or no disruption of the orderly and efficient trial of the case.

[6] The relevance of this evidence on rebuttal remains to be seen. Perhaps the City will agree not to challenge plaintiff's testimony on the details of the incident, obviating any need for rebuttal—or will be precluded by the Court from so arguing by its cover-up and "willful blindness".

8

| | |
|---|---|
| **JERMAINE WILLIAMS,** | : |
| **Plaintiff** | : |
| | :   **CIVIL ACTION NO. 17-2697** |
| | : |
| **CITY OF PHILADELPHIA et. al.** | : |
| **Defendants** | : |

# ORDER

　　**AND NOW**, this ____ day of _____, 2023, upon consideration of plaintiff's Motion and Defendants' Responses thereto, IT IS HEREBY ORDERED that Plaintiff's Motion is GRANTED.

　　TERRANCE MITCHELL will be permitted to testify for plaintiff in this case, and the Court will issue a subpoena for his Zoom testimony.

　　Defendants will be permitted to take his deposition prior to any such testimony.

　　　　　　　　　　　　　　　　　　　　　　　　BY THE COURT:


　　　　　　　　　　　　　　　　　　　　　　　　_____

　　　　　　　　　　　　　　　　　　　　　　　　**Surrick, J.**

9